# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON SAUNDERS AND EBA EXECUTIVES,<br>　　Plaintiffs,<br><br>　　　　v.<br><br>CHRISTOPHER MAURICE BROWN, CHRIS BROWN ENTERTAINMENT, LLC, SONY MUSIC ENTERTAINMENT, AND SONGS OF UNIVERSAL MUSIC PUBLISHING INC.,<br>　　Defendants. | CV 21-9237 DSF (GJSx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS (Dkt. 52)** |

　　Defendants Christopher Maurice Brown, Chris Brown Entertainment, LLC, Sony Music Entertainment, and Songs of Universal, Inc. move to dismiss Plaintiffs Brandon Saunders and EBA Executives, Inc.'s Second Amended Complaint for Copyright Infringement. For the reasons stated below Defendants' motion is DENIED.

## I. BACKGROUND

　　Saunders is a recording artist, songwriter, and entertainer known as Sqooby. Dkt. 49 (SAC) ¶ 22. On February 12, 2017, Saunders wrote the song "Wet." Id. ¶ 19. The 16-bar repeating chorus of "Wet," is:

> *Wet, wet, wet, wet*
>
> *Wet, wet, wet, wet*

> *She call up my phone when she wet, off that Henny she a vet*
>
> *Tongue kissing on her neck, that's how you get the pu#*y wet*
>
> *Wet, wet, wet, wet*
>
> *Wet, wet, wet, (Come and make it)*
>
> *Rain down on me*
>
> *Wet, wet, wet, wet*

Id. ¶ 65.  On the day he wrote the song, Saunders invited Warren Baker to come record a featured verse.  Saunders' sound engineer posted a clip of "Wet" on twitter on February 12, 2017.  Id. ¶ 20.  There was also video footage posted to Instagram that day of Saunders and Baker "vibing" to "Wet."  Id. ¶ 61.  A copyright was registered for "Wet" on October 19, 2021, Registration Number PA 2-321-212.  Id. ¶ 20.  EBA entered into an agreement with Saunders that gave EBA the right to administer "Wet" and a thirty-five percent interest in the copyright.  Id. ¶ 23.

On August 4, 2017, "Pills and Automobiles" was released as the fourth single from Chris Brown's album "Heartbreak on a Full Moon."  Id. ¶ 36.  The chorus of "Pills and Automobiles," is:

> *Wet, wet, wet, wet*
>
> *Wet, wet, wet, wet*
>
> *Wet, wet, wet, wet*
>
> *Wet, wet, ah-ah baby*

Id. ¶ 65.  Brown wrote the song with YoGotti, A Boogie wit da Hoodie, Kodak Black, Samuel Jiminez, and Joshua Parker.  Id. ¶ 36.  The song was originally recorded on June 12, 2017.  Id. ¶ 39.  The Recording Industry Association of America certified "Pills and Automobiles" as triple platinum in October 2021 for selling over three million copies.  Id. ¶ 47.

The SAC alleges the two songs are substantially similar and that a preliminary analysis by Brian McBrearty Musicology Services found as much. Id. ¶¶ 64-65. The McBrearty Report "concluded that the single focus is the similarity between the two (2) works choruses-that is, the prominent, mostly identical, and extensive use of the lyric 'Wet wet wet wet,' along with its rhythmic placement that exists in 'Wet' and is found many times in 'Pills & Automobiles.'" Id. ¶ 66. McBrearty "could not call to mind nor was he able to find another work that use[d] 'Wet' in the way these two works do" and he stated that a "layperson would likely perceive that one was copied from the other, and may for seven or fourteen seconds at a time even believe they're the same song." Id.

Plaintiffs also allege that Brown had direct access to "Wet" through Baker, who was featured on the song. Id. ¶¶ 51-62. Brown and Baker previously collaborated on two singles: "Cat Daddy," released April 18, 2011, and "Let Me Love You," released September 14, 2016. Id. ¶ 54. Plaintiffs allege that this relationship is personal as well as professional. For example, Plaintiffs attach footage from social media of Brown and Baker embracing on December 10, 2019. Id. ¶ 55. The SAC alleges that the relationship between Brown and Baker provided Brown with access to "Wet." Id. ¶ 59. In November 2018, after Saunders first heard "Pills and Automobiles," he confronted Baker. Baker denied giving Brown access to "Wet." Id. ¶ 63. Plaintiffs filed this lawsuit on November 23, 2021. Dkt. 1.

## II. LEGAL STANDARD[1]

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). And "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Produce Pay, Inc. v. Izguerra Produce, Inc., 39 F.4th 1158, 1171 (9th Cir. 2022); and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (alteration in original; citation and internal quotation marks omitted). A complaint must "state a claim to relief

---

[1] Plaintiffs spend a large portion of their briefing, Opp'n 2-5, attempting to persuade the Court that Defendants are applying a higher standard than Rule 8(a) requires. Defendants announced the correct Twombly/Iqbal legal standard in their briefing. It is Plaintiffs who are applying the wrong and outdated pleading standard. For example, Plaintiffs refer to the Conley "no set of facts" language. Opp'n at 2 (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). In Twombly, the Supreme Court specifically announced that this Conley language "is best forgotten as an incomplete, negative gloss on an accepted pleading standard" and it does not accurately describe "the minimum standard of adequate pleading." Twombly, 550 U.S. at 563. Indeed, this entire section of Plaintiffs' briefing relies almost entirely on case law that pre-dates the Supreme Court's watershed pleading cases, Twombly and Iqbal. Plaintiffs cite only one case that postdates Twombly and Iqbal to support their arguments about the proper pleading standard. Opp'n at 5 (citing Sweet People Apparel, Inc. v. Louis Grp., Inc., No., 2013 U.S. Dist. LEXIS 201765, at *10 (C.D. Cal. 2013)).

that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Id. at 679 (alteration in original; internal quotation marks and citation omitted).

### III. ANALYSIS

#### A. Request for Judicial Notice

Defendants request that this Court take judicial notice of Youtube videos of three songs: "Juice Box," by Gorilla Zoe ft. Yung Joc (available at https://www.youtube.com/watch?v=-UyzY7Ry9NQ&ab_channel=Daniel); "Wet Wet," by Waka Flocka (available at www.youtube.com/watch?v=UOv4WcO5TBY&ab_channel=Untaimed), and "Wet Wet," by Rich the Kid, (available at https://www.youtube.com/watch?v=DRvw9agQVaA&ab_channel=SODMGElite). Dkt. 53 (RJN). The Court grants the unopposed request. L.R. 7-12; see also Makaeff v. Trump Univ., LLC, 715 F.3d 254, 259 n.2 (2013) ("it is proper to take judicial notice of various publications introduced 'to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true'") (quoting Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010)).

#### B. Copyright Infringement

"To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). The sole issue here is the second

element. This breaks down into two components: "copying" and "unlawful appropriation." Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin, 952 F.3d 1051, 106480 (9th Cir. 2020), cert. denied, 141 S. Ct. 453 (2020), reh'g denied, 141 S. Ct. 946 (2020) (internal quotation marks omitted).

Defendants' motion concerns only the second component: unlawful appropriation. The Ninth Circuit uses a two-part test for unlawful appropriation. The intrinsic test looks "'for similarity of expression from the standpoint of the ordinary reasonable observer, with no expert assistance.'" Id. (quoting Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 637 (9th Cir. 2008)). The extrinsic test requires (1) identifying the protected elements of the original work, and then (2) determining whether the protected elements are objectively similar to the corresponding elements of the allegedly infringing work. Malibu Textiles, Inc. v. Label Lane Int'l, Inc., 922 F.3d 946, 952-53 (9th Cir. 2019). "At the pleading stage, [the] Court considers only the extrinsic test." Id. at 952.

Defendants argue that Plaintiffs do not meet the extrinsic test because chanting "wet" is not protectable. Mot. at 7-12. But that misstates Plaintiffs' claim. Plaintiffs have plausibly alleged that the rhythmic chanting of "wet" in Plaintiffs' composition is protectable. Plaintiffs clearly are not claiming that the word "wet" alone is protectable, but rather that the repetition of that lyric in a particular rhythmic way is protectable. The SAC accuses Defendants of lifting "portions of the lyrics, hook (identical rhythmic speech) and lyrical arrangement." SAC ¶ 56. Plaintiffs also allege that an expert has identified "compositional similarities" in the songs, such as that the "lyrics and rhythmic placements are mostly identical in both works" and the "the lyric 'wet' is repeated at the same rhythmic values, measure after measure." Id. ¶ 65; see also ¶ 66 (alleging the expert found "*extensive use of the lyric 'Wet wet wet wet,' along with its rhythmic placement that exists in 'Wet'*" is "*found many times in 'Pills & Automobiles.'*").

6

While a single word is not itself due copyright protection, 37 C.F.R. § 202.1(a); 1 M. Nimmer & D. Nimmer, Nimmer on Copyright § 2.01 (2022), a word or phrase used in a specific rhythmic manner may meet the low requisite level of creativity needed to obtain copyright protection. Courts have held that phrases that are otherwise unprotectable may receive protection if they are used in a distinct manner. For example, "the repetition of the non-protectible word 'uh-oh' in a distinctive rhythm comprise[d] a sufficiently original composition to render it protectible by the copyright laws." Santrayll v. Burrell, No. 91 Civ. 3166 (PKL), 1996 WL 134803 (S.D.N.Y. Mar. 25, 1996) (finding protectable the word "uh-oh" where it was repeated four times to a rhythm and was the "hook" of the original composition); see also Swirsky v. Carey, 376 F.3d 841, 848 (2004) (citing Santrayll approvingly to reject a challenge to the copyright protection of a measure of a chorus). And sound recordings of introductory phrases such as "Get Down," "Step Up," "It's the Hottest Thing," or "Step Up Front," that are generally unprotectable, satisfied the "'extremely low' requisite level of creativity to warrant copyright protection" where they were "not spoken in monotone; rather," were "recited with a distinctive rhythm" and featured a "signature voice." Steward v. West, No. CV1302449BROJCX, 2014 WL 12591933, at *7-8 (C.D. Cal. Aug. 14, 2014) (citing Feist Publ'ns, Inc., 499 U.S. at 345; see also Del Rio v. Virgin Am., Inc., No. CV 18-1063-GW(SKX), 2018 WL 5099720, at *4 (C.D. Cal. June 28, 2018) ("sound recordings, even of short phrases, can satisfy the originality requirement when expressed in a distinctive rhythm").[2] The distinctive rhythmic chanting of "wet" may satisfy the extremely low level of creativity required to obtain copyright protection.

---

[2] The parties dispute whether a thin copyright would apply -- whether chanting the word "wet" is protected as a combination of unprotectable common elements. See Opp'n 5-7; Dkt 62 at 4-7; see also Skidmore, 952 F.3d at 1079–80. But there is no need to analyze the thin copyright question at this point. Indeed, where courts analyze thin copyright, a hook phrase with a distinctive beat is categorized as a single element. See, e.g., Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir. 2000) overruled on other grounds by Skidmore, 952 F.3d at 1066-69 (listing five unprotectable

Defendants lodge another argument against protectability. They claim the rhythmic chant of "wet" is not protectable because other artists have included repetitious chants of the word "wet." Mot. 9-11. The Court is unpersuaded. The Court has taken judicial notice of three songs that contain repeated use of the word "wet." Id.; RJN. Merely repeating "wet" is not the same as repeating "wet" in the same rhythmic manner as Saunders does in "Wet." And for the Court to make such a determination at this stage, using only its untrained ear, would be inappropriate. These songs do not compel the conclusion that Saunders' work is unoriginal at this stage of the case.

To the extent Defendants argue that Plaintiffs failed to plausibly allege the second prong of the extrinsic test, the Court is again unpersuaded. To meet the second prong, Plaintiffs needed to allege that the protectable elements are objectively similar to the corresponding elements of the allegedly infringing work. Malibu Textiles, 922 F.3d at 953. There is "no hard-and-fast rule" for assessing similarity. Id. (quoting Rentmeester v. Nike, Inc., 883 F.3d 1111, 1121 (9th Cir. 2018)). Defendants argue that Plaintiffs' expert's claim that the two songs are strikingly similar is "conclusory" and that the songs are not similar. Mot. 6-7. They support this with a side-by-side chart of the lyrics. Id. The Court is not accepting the expert's opinion; it is merely considering the "facts" stated. Plaintiffs have plausibly alleged that the two songs are objectively similar. For example, Plaintiffs allege that an expert found that "the lyrics and rhythmic placements are mostly identical" and that a transcription demonstrates that "*comparing 8 bars from the chorus of 'Wet' and the chorus of 'Pills &*

---

elements, with "the title hook phrase (including the lyric, rhythm, and pitch)" listed as one element).

*Automobiles,' rhythmically aligned and pitch transposed to a common key. Stretches of identical measures where the lyric 'wet' is repeated at the same rhythmic values, measure after measure."* SAC ¶ 65, Ex. 11.

The Court rejects Defendants' argument that Plaintiffs failed to state a claim because they failed to allege facts sufficient to satisfy the extrinsic test for unlawful appropriation.

## IV. CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

Date: November 21, 2022

*Dale S. Fischer*
Dale S. Fischer
United States District Judge